```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| In re: Ingrid Malat Irrevocable Trust | Civil No. 09-cv-6389 (NLH)<br><br>**MEMORANDUM & ORDER** |

**HILLMAN, District Judge**

    This matter having come before the Court on the emergent application of Ingrid Malat Irrevocable Trust ("Debtor") requesting an Order to Show Cause against Surety Title Corporation ("Surety") and seeking injunctive relief and a temporary stay pending Debtor's appeal in this case; and

    It appearing that Debtor filed for Chapter 11 bankruptcy protection around May 2009; and

    At a hearing held on June 23, 2009,[1] the United States Bankruptcy Court determining that, as an irrevocable trust, Debtor did not properly constitute a debtor under the Bankruptcy Code and was not entitled to bankruptcy protection; and

    Debtor never appealing the Bankruptcy Court's determination, as memorialized in an Order Dismissing the Case dated June 26, 2009; and

---

[1] The United States Bankruptcy Court's Order Dismissing the Case indicates that the hearing date was June 22, 2009.

A sheriff's sale having been conducted on June 24, 2009 during which Debtor's real property, located at 214 White Horse Pike, Haddon Heights, New Jersey ("the premises"), was sold to a third-party purchaser, Hugh O'Connell; and

Debtor filing a second Chapter 11 bankruptcy petition in July 2009; and

The Bankruptcy Court, on or around August 19, 2009, denying the second petition; and

Debtor filing a motion in the Superior Court of the State of New Jersey to vacate the sale of the premises and to extend the redemption date; and

In an Order dated October 7, 2009, the Superior Court denying Debtor's Application to Show Cause and holding that Debtor's "motion to vacate Sale held June 24, 2009 is hereby denied," but extending the redemption period; and

Debtor pursuing a motion to reinstate the Chapter 11 case in the Bankruptcy Court; and

The Bankruptcy Court, as set forth in an Order dated December 8, 2009, denying Debtor's motion to reinstate the Chapter 11 case and to impose temporary restraints in the form of stay continuation, and ordering that "any stay existing from June 23, 2009 through June 26, 2009 be and is hereby annulled" and that "the

2

Sheriff's Sale conducted by Surety on June 24, 2009 in connection with the sale of [the premises] be and is hereby validated"; and

This Court noting, "In order to obtain a stay pending appeal under Bankruptcy Rule 8005, a movant must establish the elements necessary to obtain a preliminary injunction: (1) a strong likelihood of success on the merits of the appeal; (2) the movant will suffer substantial irreparable injury if the stay is denied; (3) substantial harm will not be suffered by other parties if the stay is granted; and (4) issuance of the stay would not harm the public interest," In re Allegheny, Health, Educ. & Research Found., 252 B.R. 309, 321 (W.D. Pa. 1999); and

The Court noting that Debtor argues that it was entitled to an automatic stay for ten days following the Bankruptcy Court's decision on account of Bankruptcy Rule 4001(a)(3); and

Rule 4001(a)(3) providing, "An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise";[2] and

The Court finding that Rule 4001(a)(3) is inapplicable here insofar as the Bankruptcy Court's Order did not grant a motion for

---

[2]   Due to a recent amendment, Rule 4001(a)(3) now stays the order until the expiration of 14 days.  At all relevant times during this action, however, the stay endured for 10 days after the issuance of an order.

3

relief from an automatic stay but, rather, dismissed Debtor's bankruptcy action altogether; and

The Court finding that the bankruptcy action was dismissed prior to the sheriff's sale of the premises and, thus, that there was no legal impediment to the sale; and

The Court concluding that Debtor does not demonstrate a strong likelihood of success on the merits of its appeal; and

The Court further noting that Debtor did not file an appeal after the Bankruptcy Court's dismissal of Debtor's action in June 2009; and

The Court noting that Debtor delayed in asserting its rights and failed to pursue an adversary proceeding while his prior bankruptcy actions were active; and

The Court noting that Debtor has sought and been denied relief by both the Bankruptcy Court and the New Jersey Superior Court; and

The Court concluding that the procedural history, including Debtor's failure to pursue available remedies and to exercise any right of redemption during the extended period, demonstrates that the equities in this case favor the purchaser and other parties other than the putative debtor;

Accordingly,

**IT IS HEREBY** on this   21st   day of   December  , 2009

**ORDERED** that Debtor's Application for an Order to Show Cause is **DENIED**.

At Camden, New Jersey          /s/ NOEL L. HILLMAN
                                     NOEL L. HILLMAN, U.S.D.J.